Luis **SANCHEZ-VERGARA**
and Concepcion Ibarra,
Petitioners,

v.

Jefferson B. **SESSIONS III**, Attorney
General, Respondent.

No. 16-70203

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2017 *

Filed July 19, 2017

Luis Sanchez-Vergara, Pro Se

Concepcion Ibarra, Pro Se

Jennifer A. Singer, Jennifer R. Khouri, Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

MEMORANDUM **

Luis Sanchez-Vergara, a native and citizen of Mexico, and Concepcion Ibarra, a native and citizen of El Salvador, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

("NACARA"). Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

Petitioners fail to address, and therefore waive any challenge to, the agency's determination that they did not establish eligibility for special rule cancellation under NACARA. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in the opening brief are waived).

We lack jurisdiction to consider petitioners' unexhausted contention regarding eligibility for asylum and related relief. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.